**Marc Charles MENDOZA, Petitioner— Appellant,**

v.

**Ernest De LIMA, Administrator, in his capacity as Administrator, Adult Client Services Branch, of the Second Circuit, State of Hawaii, Respondent—Appellee.**

No. 03–15492.

D.C. No. CV–99–00699–ACK/BMK.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 15, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Marc Charles Mendoza, Kenwood, CA, pro se.

Richard T. Bissen, Jr., Richard K. Minatoya, Simone C. Polak, Wailuku, HI, for Respondent–Appellee.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

### MEMORANDUM**

Former Hawaii state prisoner Marc Charles Mendoza appeals pro se the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition challenging his conviction by jury trial for possessing a loaded firearm in a place other than his place of business or residence. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Mendoza contends that Hawaii Revised Statute § 134–6 violates the Second, Fourth, Fifth, Ninth, Tenth, Thirteenth and Fourteenth Amendments to the United States Constitution. We disagree. The Second Amendment limits only federal action. *See Fresno Rifle and Pistol Club v. Van De Kamp,* 965 F.2d 723, 729–

31 (9th Cir.1992). The Ninth Amendment does not encompass an unenumerated individual right to bear arms. *See San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1125 (9th Cir.1996). In addition, Mendoza presented no viable arguments that would establish that Section 134–6 is not rationally related to a legitimate government interest under the Equal Protection Clause of the Fourteenth Amendment. *See United States v. Hancock,* 231 F.3d 557, 565–66 (9th Cir.2000). Finally, there is simply no basis in the law for Mendoza's claims to an individual right to carry a firearm under the Fourth, Fifth, Tenth and Thirteenth Amendments.

■ We may not consider Mendoza's claims under the Hawaii Constitution because they do not allege a "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254.

■ Mendoza also contends that Hawaii Revised Statutes Chapter 134 is invalid under the Due Process Clause of the Fourteenth Amendment because the state did not adopt implementing rules and regulations in accord with the procedures required by statute and the Hawaii Administrative Procedures Act. Because Mendoza does not allege that he applied for or would have qualified for a license to carry a firearm under any interpretation of the statute, he lacks standing to bring this claim. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Mendoza's motion for broader certification is denied. *See Valerio v. Crawford,* 306 F.3d 742, 767 (9th Cir.2002).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.